

**FOLEY & LARDNER LLP**

**ATTORNEYS AT LAW**

321 NORTH CLARK STREET, SUITE 2800
CHICAGO, IL 60654-5313
312.832.4500 TEL
312.832.4700 FAX
foley.com

WRITER'S DIRECT LINE
312.832.5193
bepstein@foley.com EMAIL

CLIENT/MATTER NUMBER
036316-0109

February 1, 2010

<u>**Via Hand Delivery**</u>

The Honorable Jed S. Rakoff
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St, Courtroom 14B
New York, NY 10007-1312

    Re: *Thara Thomas v. Euro RSCG Life, et al.*, Case No. 09 CV 550

Dear Judge Rakoff:

   This Court should order Thomas' notes of Peter Glass' purported statements (the "Notes") to be produced for two reasons. First, the Notes[1] are not privileged. Second, Thomas unequivocally relied on the Notes in her deposition testimony given on January 20, 2010. The best evidence of her reliance is her own admission that she used the Notes just prior to her deposition to refresh her recollection of the conversations she had with Mr. Glass.

**The Notes Are Not Privileged And Must Be Produced**

   As an initial matter, Thomas, as the proponent of the privilege, has the burden of showing the attorney-client privilege attaches to the Notes. *Odfjell ASA v. Celanese AG*, 380 F. Supp. 2d 297, 302 (S.D.N.Y. 2005) (Rakoff), citing *Von Bulow v. Von Bulow*, 811 F.2d 136, 146 (2d Cir. 1987). Thomas, based on her own deposition testimony, will fail to meet this burden.

   Thomas testified at her January 20, 2010 deposition that the Notes are merely a recitation of the statements made in her meetings with Mr. Glass and that the Notes do not contain her own commentary or impressions. The attorney-client privilege does not extend to "protect the client's knowledge of relevant facts...." *Urban Box Office Network*, 2006 U.S. Dist. LEXIS 20648, at *8 (S.D.N.Y. April 18, 2006). In fact:

    Where a communication between client and attorney does not reveal
    any confidential matters, the communication is not privileged. For
    example, where the attorney or client is merely conveying the

---

   [1] Defendants are only seeking the Notes and not the two pages that Ms. Paparella described as her outline for the deposition of Mr. Glass.

BOSTON  JACKSONVILLE  MILWAUKEE  SAN DIEGO  SILICON VALLEY
BRUSSELS  LOS ANGELES  NEW YORK  SAN DIEGO/DEL MAR  TALLAHASSEE
CHICAGO  MADISON  ORLANDO  SAN FRANCISCO  TAMPA
DETROIT  MIAMI  SACRAMENTO  SHANGHAI  TOKYO
                 WASHINGTON, D.C.

CHIC_4657721.2



**FOLEY & LARDNER LLP**

The Honorable Jed S. Rakoff
February 1, 2010
Page 2

> substance of what a third party had conveyed, the communication is
> not privileged.

*Id.* at *8, citing *TVT Records, Inc. v. Island Def Jam Music Group*, 214 F.R.D. 143 (S.D.N.Y. 2003) (citing cases) (court ordered the production of some documents that merely relayed a communication with a third party, but also ordered the redaction of certain paragraphs that appeared to provide legal advice to the client). In *Urban Box Office*, the court found that emails from an attorney to the client, advising the client of the substance of a conversation the attorney had with a third party did not convey legal advice and therefore should be produced. *Id.* at *25.

Here, the Notes do not contain confidential client communications, but rather are, according to Thomas, a factual account of the conversations Thomas had with Mr. Glass, and, therefore, are not protected by the attorney-client privilege. Specifically, Thomas testified that the Notes were "statements that Peter Glass made to" her (Thomas Dep. Tr. 232: 13-14), that they "were a recount of [her] conversations with Peter [Glass]" (*Id.* at 252: 14-15) and that she had "included the gist of the conversations" she had with Mr. Glass. (*Id.* at 241: 23-24). Thomas also testified that the notes do not contain her impressions of the conversations, but rather they contain only what was said:

> Q: In these notes that you took, and for the purposes of the deposition I'm going to all them that for lack of a better term, were they exclusively your recollection of what was said, or were your impressions of what he said also included in those notes?
> A: **I was recounting the conversations I had with him.**
> Q: So that they were essentially your best memory of what was said?
> A: Correct.
> Q: And that's all that were included in the notes?
> A: **I included the gist of the conversations.**
> Q: So when you couldn't remember it verbatim, you used your best memory to summarize what was said; is that correct?
> A: Yes. (*Id.* 241: 10 – 242: 4) (emphasis added).

In short, Thomas' testimony shows that she was merely "conveying the substance of what a third party has conveyed." *Urban Box Office Network*, 2006 U.S. Dist. LEXIS 20648, at *6. As a result, the Notes are not covered by the attorney-client privilege and should be produced.

**The Notes Must Be Produced Because Thomas Relied On Them To Refresh Her Recollection**

The Notes should also be produced pursuant to Federal Rule of Evidence 612 ("Rule 612") because Thomas relied on them in testifying at her recent deposition. (*See e.g. Ehrilich v. Howe*, 848 F. Supp 482 (S.D.N.Y. 1994) "when confronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and the protection provided by the



FOLEY & LARDNER LLP

The Honorable Jed S. Rakoff
February 1, 2010
Page 3

attorney-client privilege... the weight of authority holds that the privilege ... is waived." *Id.* at 493 (quoting *S & A Painting Co. v. O.W.B. Corp.*, 103 F.R.D. 407, 408 (W.D. Pa. 1984)).

At the hearing, counsel for Thomas brought the case of *Suss v. MSX Int'l Eng'g Servs., Inc.*, 212 F.R.D. 159 (S.D.N.Y. 2002) to the Court's attention. Even under *Suss*, the Notes must be produced since Thomas admits she relied upon the Notes for her testimony. *Suss* supports the requirement in Rule 612 that "for an adversary to obtain production of a writing, the witness must have actually relied on the writing to refresh his or her memory." *Id.* at 165, citing Rule 612. In *Suss* the Court held that disclosure was not appropriate because the witnesses did not actually rely upon the documents to refresh their recollection. One of the deponents in *Suss* testified that "some" of the documents "look[ed] familiar," which the court fell short of showing reliance on the documents. *Id.* Another deponent testified that "she had 'a hard time specifically recalling'" any of the documents that she reviewed and, again, the court held that fell short of showing reliance. *Id.* Unlike these witnesses, Thomas admits she relied upon the Notes to "accurately" testify at her deposition.

In the cases cited in *Suss*, the Courts rejected disclosure on facts similar to *Suss*. In *United States v. Sheffield*, 55 F.3d 341 (8th Cir. 1995), which is cited in *Suss*, the court did not require a party to produce a document under Rule 612 because, while the deponent acknowledged that he had looked at the document in question, he testified that "he did not need it to refresh his recollection with respect to anything to which he had testified." *Id.* at 343. In *Leucadia, Inc. v. Reliance Ins. Co.*, 101 F.R.D. 674 (S.D.N.Y. 1983), also cited in *Suss*, the court did not order the document reviewed by the deponent prior to the deposition to be produced because the deponent's "testimony revealed nothing about the document or the circumstances of its creation, and there [was] nothing in the testimony that appear[ed] to rely on it." *Id.* at 679.

Again and unlike the witnesses in *Suss* and above, Thomas testified that she reviewed a specific document (the Notes) that did, in fact, refresh her recollection. Thomas unequivocally testified that she specifically looked at the Notes in order to refresh her recollection so that she could answer the deposition questions *accurately* ((Thomas Dep. Tr. 247: 16):

> Q: When was the last time that you looked at these notes of your
> conversations with Mr. Glass?
> A: Today.
> Q: How long did you spend looking at these notes?
> A: Not long.
> Q: How long is that?
> A: Approximately 15 minutes.
> Q: Why did you look at them?
> A: So that I could answer your question **accurately** if you asked me.
> Q: So was it to refresh your memory?
> A: Yes. (Thomas Dep. Tr. 247: 5-18) (emphasis added).

CHIC_4657721.2



FOLEY & LARDNER LLP

The Honorable Jed S. Rakoff
February 1, 2010
Page 4

The Notes undoubtedly had an impact on her subsequent testimony about the conversations contained in the Notes. Thomas admits that it would be "very difficult" for her to testify about the conversations "because there were so many of them" (Thomas Dep. Tr. 232: 16-19). *See also id.* at 256: 21 – 257: 2 ("Let me just preface that I had many conversations with him, and although I will try to go in chronological order, it's very possible that I may need to jump around because there are lots of conversations that we had."); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613, 615 (S.D.N.Y. 1977) (Rule 612 is designed to allow access to documents that have influenced the witness' testimony). Here, Thomas reviewed the Notes to keep the alleged "*many*" conversations straight so that she could "*accurately*" answer questions. Therefore, because the Notes had an impact on her testimony, the Notes must be produced.

Ample authority from this Court supports this conclusion. For example, in *Bank Hapoalim B.M. v. Am. Home Assurance Co.,* 1994 U.S. Dist. LEXIS 4091 (S.D.N.Y. April 1, 1994), the deponent was able to identify specific documents that he had reviewed in preparation for his deposition and his deposition testimony reflected knowledge of information contained in the documents. *Id.* at *21. The court, therefore, ordered that the documents be produced. *Id.*

In this case, Thomas identified the specific document that she reviewed in preparation for her deposition (the Notes) and her deposition testimony reflected knowledge of the information contained in the documents (her testimony regarding her conversations with Mr. Glass). Therefore, the result should be the same – the Notes should be produced. *See also Williamson v. Puritan Chem. Co.*, 1981 U.S. Dist. LEXIS 11361, at *3 (S.D.N.Y. March 6, 1981) (statement that deponent made to a representative of his counsel and that he used to refresh his recollection prior to testifying producible under Rule 612 because had an impact on his testimony); *Equal Opportunity Comm. v. Johnson & Higgins, Inc.*, 1998 U.S. Dist. LEXIS 17612, *38 (S.D.N.Y. 1998) (handwritten note prepared by attorney and shown to witness in preparation for deposition must be produced; witness testified that the note was used to refresh his recollection); *Poseidon Capital Corp. v. Nicolet Instrument Corp. et al.*, 1985 U.S. Dist. LEXIS 13704 (S.D.N.Y. November 20, 1985) (deponent relied on notebook containing his "thoughts, conversations, and activities" at deposition, causing court to order him to produce the entries pursuant to Rule 612).

**In The Interest of Justice, The Notes Should be Produced.**

In the interest of justice, the Notes should also be produced. *See Bank Hapoalim*, 1994 U.S. Dist. LEXIS 4091 at *22, citing Rule 612(2). This analysis "requires that the court weigh the competing policies behind the privilege and Rule 612 disclosure." *Id.* Courts apply a two part test: 1) did the document have a sufficient impact on the witness' testimony to trigger the application of Rule 612 and, if so, 2) is the production necessary for fair cross examination or is the party simply engaged in a fishing expedition? *Id.* at *6; *see also Leybold-Heraeus Techs., Inc. v. Midwest Instrument Co.*, 118 F.R.D. 609, 614 (E.D. Wisc. 1987) (deponent who uses privileged document to refresh his recollection before testifying waives the attorney-client privilege for the document).


FOLEY & LARDNER LLP

The Honorable Jed S. Rakoff
February 1, 2010
Page 5

Here, as in *Bank Hapoalim*, the Notes "provide a singularly valuable source of information for cross-examination." *Id*. Thomas admitted that she could not have effectively testified without the benefit of the review of the Notes – what person could as there were "so many" of them, as Thomas concedes. Therefore, it is in the "interests of justice" that we have access to the Notes to best cross-examine her. Defendants should not be restricted to Thomas' testimony to elicit the truth of the substance of the conversations, especially since the Notes contained her purported "best memory of what was said". Moreover, the accuracy of the Notes are presumptively a more reliable account of the purported conversations because they were created earlier in time than Thomas' deposition testimony. Additionally, Glass has been unavailable for his own deposition and the defendants cannot test the veracity of Thomas' own statements by examining him. Finally, the accuracy of the conversations between Thomas and Glass is of utmost importance because the Plaintiff may attempt to use the substance of the purported conversations to prove her claims.

Similarly, in *Lawson v. United States, Dep't of Veterans Affairs*, 1998 U.S. Dist. LEXIS 8637, (S.D.N.Y. June 11, 1998), which applied Rule 612, the documents at issue where transcripts of tape-recorded interviews prepared by an attorney. *Id*. at *2. The court noted that production of the transcripts served the "interests of justice" because the transcripts did not reflect defense counsel's though processes and were "fact" and not "opinion" work product. *Id*. Here, the Notes are similar to a transcript and contain facts and no opinions. Therefore, it will serve the "interests of justice" to have the Notes produced.

Additionally, Defendants' request for one, relevant document containing statements that are attributable to a witness can hardly be considered a "fishing expedition." *See Poseidon Capital Corp.* 1985 U.S. Dist. LEXIS 13704, at *13 (the movant under Rule 612 sought only one notebook used by the witness to inform his deposition testimony and, therefore, the court noted that that was "hardly a fishing expedition").

In conclusion, this Court should order that the Notes be produced because they are not privileged and because Thomas relied on them in testifying at her deposition.

Very truly yours,

Bennett L. Epstein

cc: Andrea Paparella, Esq.