UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
THARA THOMAS,                        :
                                     :
Plaintiff,                           :    09 CV 05500 (JSR)
                                     :
-against-                            :
                                     :
EURO RSCG LIFE, DONNA MURPHY and     :
SHAZZIA KHAN,                        :
                                     :
Defendants                           :
-------------------------------------X

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUP PORT OF THEIR SUMMARY JUDGMENT MOTION ADDRESSING RECENT DOCUMENT PRODUCTIONS AND DEPOSITION OF JOANNA MALESZEWSKI**

Pursuant to this Court's Order, Defendants, Euro RSCG Life ("ERL" or the "Company"), Donna Murphy ("Murphy") and Shazzia Khan ("Khan") (collectively referred to as "Defendants") respectfully submit this supplemental memorandum of law in support of their Motion for Summary Judgment that incorporates relevant documents produced since Defendants filed their opening summary judgment brief as well as testimony from Joanna Maleszewski's deposition that support Defendants' Motion for Summary Judgment.[1]

**I.   Joanna Maleszewski's Testimony Supports Defendants' Summary Judgment Motion.**

*Plaintiff's entire team was isolated from the February 2009 RIF at some point, not just Plaintiff; everyone's roles changed somewhat after the RIF.* See Maleszewski Dep., attached to the accompanying Affirmation of Robert A, Scher ("Scher Aff.") as Ex. A, at p. 65, 143-44, 172-75; 253-55.

---

[1] References to "Plf. AMF" are to Plaintiff's purported additional material facts that she lists in her Combined Response to Defendants' Rule 56.1 Statement. References to "Def. SMF" are to Defendants' Statements of Material Fact found in Defendants' Local 56.1 Statement of Undisputed Facts Entitling Them to Summary Judgment.

*Plaintiff was able to share the news of Khan's promotion with her team before it was announced company-wide.* *See* Scher Aff. at Ex. A, p. 83, 89-90.  This controverts Plf. AMF ¶ 1 to Def. SMF ¶ 95.

*Khan's Chief Talent Officer Role was not Ginsberg's old role.* *See* Scher Aff. at Ex. A, p. 85, 376-77.  This controverts Plf. AMF ¶¶ 4-7, and 16 to Def. SMF ¶ 16.

*Plaintiff's experience at Catapult was much like Maleszewski's in terms of office space and frequency of travel there.* *See* Scher Aff. at Ex. A, at p. 151, 331-35.  This controverts Plf. AMF ¶¶ 22-23 to Def. SMF ¶ 114.

*Plaintiff continued to oversee generalists, training, and payroll/benefits.*  See Scher Aff. at Ex. A, p. 82-83, 99-100.  This controverts Plf. Denial of Def. SMF 81, Plf. AMF ¶ 2 and 3 to Def. SMF ¶ 81; Plf. AMF ¶ 2 to Def. SMF ¶ 92.

*Maleszewski was fired for a false expense report.* *See* Scher Aff. at Ex. A, p. 148-49, 416 ("I think we clearly established that I had submitted an overnight parking expense when I incurred a parking ticket).  This controverts Plf. Denial of Def. SMF ¶ 92.

*Day-to-day training responsibilities went from Michelle Coppa to Vanessa Mannino.* *See* Scher Aff., Ex. A at 133, 159-60.  This controverts Plf. Denial of Def. SMF ¶¶ 99, 101, 102.

*Plaintiff's commute from her home to Catapult was not 5.5 hours.*  Maleszewski testified that Plaintiff's commute was only an hour, hour and a half (presumably one way, so 2 to 3 hours total).  *See* Scher Aff. at Ex. A, p. 140; this controverts Plf. AMF ¶ 11 to Def. SMF ¶ 105.

## II.     Recent Email Productions Support Defendant's Summary Judgment Arguments.[2]

***Khan and Plaintiff were very friendly prior to February 2009.*** Plaintiff and Khan were very friendly prior to February 2009. *See* Scher Aff. at Ex. B containing email exhibits. This supports Defendants' Reply Memorandum at page 1 about Khan and Plaintiff's friendship.

***Khan was upset that Mannino might not come back from Mannino's maternity leave in 2008.*** Khan wanted Mannino to come back from maternity leave. *See* Scher Aff., at Ex. C, (DFS000011328). This controverts Plf. AMF ¶¶ 12-15 to Def. SMF ¶ 47.

***No one excluded Plaintiff from the October 2008 Johnson & Johnson pitch.*** Paragamian had suggested that Plaintiff be included in the Johnson & Johnson pitch in October 2008 and Murphy agreed that Plaintiff could participate in an October 6, 2008 meeting, but that Khan would attend the October 14, 2008 meeting. *See* Scher Aff. at Ex. D, (DFS000017488). This controverts Plf. AMF ¶ 2 to Def. SMF ¶ 36.

***Khan's duties and role for her February 2009 promotion were worked out as early as January 8, 2009, well before Plaintiff complained of discrimination.*** *See* Scher Aff., Ex. E (DFS0000017705). This controverts Plf. Denial of Def. SMF ¶ 71.

***Khan and Plaintiff were both heads of the human resources department prior to the February 2009 RIF.*** Khan and Plaintiff rotated attendance at ERL meetings as "head of HR." *See* Scher Aff., at Ex. F (DFS 000017120, showing that Khan and Plaintiff rotated in a position on the Executive Committee). This controverts Plf. AMF ¶¶ 4, 6, 7, and 9 to Def. SMF ¶ 16; Plf. AMF ¶ 20 to Def. SMF ¶ 39; Plf. AMF ¶¶ 7-8 to Def. SMF ¶ 52; Plf. AMF ¶ 1 to Def. SMF ¶ 66.

***Murphy actually <u>discouraged</u> Plaintiff from working on her maternity leave.*** *See* Scher Aff. at Ex. G, containing email exhibits. This controverts Plf. AMF ¶ 1 to Def. SMF ¶ 21; Plf.

---

[2] Defendants only provide here a sample of the numerous emails that could support any one of these points in an effort not to inundate the Court with paper.

AMF ¶¶ 1-4 to Def. SMF ¶ 30; Plf. AMF ¶¶ 1-17 to Def. SMF ¶ 31; Plf. Denial to Def. SMF ¶ 55; Plf. AMF ¶ 1 to Def. SMF ¶ 55; Plf. AMF ¶ 1 to Def. SMF ¶ 66.

***Plaintiff continued to manage training and continued to be involved in training post-February 3, 2009.*** Plaintiff was actively involved in training activities post-RIF. *See* Scher Aff., at Ex. H, containing email exhibits. This controverts Plf. AMF ¶ 13 to Def. SMF ¶ 86; Plf. AMF ¶¶ 1-3 to Def. SMF ¶ 100; Plf. AMF ¶ 10 to Def. SMF ¶ 138; Plf. AMF ¶ 1 to Def. SMF ¶ 140; Plf. Denial of Def. SMF ¶ 141.

***Plaintiff continued to play an important role in terminations after the February 2009 RIF.*** *See* Scher Aff., at Ex. I, containing email exhibits. This controverts Plf. AMF ¶ 8 to Def. SMF ¶ 75.

***Plaintiff continued to deal with disability and maternity leave issues after February 2009.*** *See* Scher Aff. at Ex. J, containing email exhibits, for examples. This controverts Plf. AMF ¶ 7 to Def. SMF ¶ 95.

***Plaintiff continued to interact with ERL's legal counsel regarding employment issues.*** *See* Scher Aff. at Ex. K, containing email exhibits. This controverts Plf. AMF ¶ 15 to Def. SMF ¶ 16; Plf. AMF ¶ 21 to Def. SMF ¶ 39; Plf. AMF ¶ 11 to Def. SMF ¶ 52; Plf. AMF ¶ to Def. SMF ¶ 96.

***Khan was involved in retention plans prior to February 2009.*** *See* Scher Aff. at Ex. L (DFS000017587) (establishing that Khan and Plaintiff worked on a retention plan as part of the HR Business Plan). This controverts Plf. Denial to Def. SMF ¶ 36.

***Khan did not tell anyone to lie about incentive compensation.*** *See* Scher Aff. at Ex. M (Khan told Lori Spielberger (not Julie Monroid) that she could tell her subordinate that "the network did not make its numbers, therefore, incentives were not paid *as in past years*.")

(emphasis added). This controverts Plf. AMF ¶ 8-9 to Def. SMF ¶ 36; Plf. Denial of Def. SMF ¶ 48; Plf. AMF ¶ 20 to Def. SMF ¶ 39; Plf. AMF ¶ 7-8 to Def. SMF ¶ 52.

***Plaintiff's performance deteriorated in 2009.*** *See* Scher Aff. at Ex. N, containing email exhibits, for examples. In particular, DFS0000008723 (David Paragamian, one of ERL's four partners told Murphy in June 2009 that he was "exasperated that [Plaintiff's] activity level and contribution is so minimal."). This controverts Plf. Denial of Def. SMF ¶ 117.

***Plaintiff was not excluded from presenting the 2009 Business Plan; Khan inadvertently forgot to invite her, but then did upon realizing her mistake.*** *See* Scher Aff. at Ex. O, (DFS000008525) and Ex. P (DFS 000008530). This controverts Plf. Denial of Def. SMF ¶ 36.

***Plaintiff was not the only one who did not have a private office; there were space issues company-wide.*** *See* Scher Aff. at Ex. Q, containing email exhibits, for examples. This controverts Plf. Denial to Def. SMF ¶ 114; Plf. AMF ¶¶ 22-23 to Def. SMF ¶ 114.

***Defendants produced versions of the RIF plan dated prior to Plaintiff's January 27, 2009 complaint of discrimination that show Khan was to be Head of HR.*** *See* Scher Ex. R. This controverts Plaintiff's argument about an adverse inference. *See* Pl. Resp. Br.

## CONCLUSION

For all of the foregoing reasons, in addition to those raised in Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment, Defendants' Motion for Summary Judgment should be granted in its entirety.

Dated: New York, New York
June 7, 2010

EURO RSCG LIFE

By:/s/ Bennett L. Epstein
   One of Its Attorneys

Robert A. Scher
Dana C. Rundlöf.
Foley & Lardner LLP
90 Park Avenue
New York, New York 10016-1314
212.682.7474 Telephone
212.687.2329 Facsimile

and

Bennett L. Epstein
Diane E. Gianos
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654-5313
312.832.4500 Telephone
312.832.4700 Facsimile

Admitted *pro hac vice*